

Rita Ramirez
1186 Whitney Way
El Centro, CA 92243
(619) 495-0059
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA RAMIREZ,<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>DILLARD'S PROPERTIES, INC.; and DOES 1 to 50<br><br>　　　　Defendant(s). | Civil Action No.: **'22CV1117 CAB JLB** |

### PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW RITA RAMIREZ, Plaintiff, and alleges as follows:

#### I. PARTIES

1.1     Plaintiff RITA RAMIREZ is a resident and citizen of California. Plaintiff's place of residency is located at 1186 Whitney Way, El Centro, CA 92243 in the Southern District of California. She brings this negligence action on behalf of herself.

1.2     Defendant DILLARD'S PROPERTIES, INC., (hereinafter referred to as "DILLARD'S") is a Delaware corporation with its principal offices located in Little Rock, Arkansas, and at all times material hereto was authorized and was doing business in the state of California. DILLARD'S owns and operates several retail department stores located within the state of California. Defendant may be served with process by serving its Registered Agent for service of process, CT CORP SYSTEM, 330 N. Brand Blvd., Ste. 700, Glendale, CA 91203.

1.3     Defendants DOES 1 to 50 whose identities are currently unknown.

## II. JURISDICTION & VENUE

2.1     The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Plaintiff, RITA RAMIREZ, is a citizen of California. Defendant DILLARD'S is a corporation incorporated under the laws of Delaware, is headquartered in Arkansas, and is authorized and doing business throughout the state of Texas and California.

2.2     Venue is proper before this Court under the long-arm statute. As determined in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the Supreme Court held that in order for a state to exercise personal jurisdiction over an out-of-state corporate defendant, that defendant must have minimum contacts within the state and jurisdiction would not offend traditional notions of fair play and substantial justice. It defines minimum contacts as "continuous and systematic" operations by the defendant that would otherwise purposefully avail themselves of that forum state's laws and resources. Defendant DILLARD'S own and operate several department stores within the state of California for the advertised sale of goods while also using local resources, such as law enforcement, fire services, and utility services, to maintain and operate their businesses throughout their existence while systematically maintaining their business through their primary contacts and employees within the state of California.

### A.     DILLARD'S Continuous and Systematic Contacts with California

2.3     DILLARD'S maintains and operates three separate department stores within the state of California. The first of these stores opened in 1998 in Stockton, California, and has been in continuous operation up to the present. These locations include:

    a.  3451 Dogwood Rd., El Centro, CA 92243;

    b.  1255 Rancho Vista Blvd., Palmdale, CA 93551; and

    c.  4950 Pacific Ave., Stockton, CA 95207.

2.4   DILLARD'S conducts advertising and sales within California as well as employs numerous individuals residing within the state. These activities also fall specifically within the Southern District of California as evidenced by their El Centro location.

2.5   In the operations of these stores, DILLARD'S must continuously communicate, organize, manage, maintain, service, supply, finance, and control all aspects of their business to ensure profitability and stability within the region.

### III. BACKGROUND

3.1   On or about August 7, 2020, Plaintiff was about to enter into a Dillard's department store, operated by Defendant DILLARD'S, located within the shopping center known as Barton Creek Square. The owners of this shopping center are yet to be determined, and are referred to as Defendants DOES 1 to 50. As the Plaintiff approached the entrance of the Dillard's, located at 2901 N. Capital of Texas Hwy, Austin, TX 78746, she tripped and fell due to a raised portion of the walkway which had cracked and become displaced due to poor maintenance of the property. Defendant DILLARD'S and DOES 1 to 50 are negligent in their failure to properly maintain, repair, warn or notify about the walkway area directly in front of the entrance to the Dillard's department store where customers continuously pass over during operating hours. Additionally, it is presumed that Defendant DOES 1 to 50 had been the managers of the Barton Creek Square shopping center and were negligent in their failure to properly maintain, repair or warn about the walkway area directly in front of the entrance to the Dillard's department store. Defendant DILLARD'S was conducting business at Barton Creek Square in Travis County, Texas. The Defendants' negligence proximately caused Plaintiff's personal injuries and damages as more thoroughly described herein. Therefore, Plaintiff brings suit on the following grounds.

///

///

///

///

///

## IV. CAUSES OF ACTION:

## DEFENDANT, DILLARD'S AND DOES 1 TO 50,

## NEGLIGENCE/PREMISES LIABILITY

4.1  Defendant DILLARD'S and DOES 1 to 50 were negligent in its omissions in maintaining the walkway in front of its Dillard's location at the Barton Creek Square shopping center, including but not limited to the following:

a) Defendant has a legal duty to maintain the immediate surrounding areas of its premises for guest entering or exiting the store.

b) Defendant failed to adequately maintain, repair, or warn about the walkway, causing a hazardous condition.

c) Defendant had actual knowledge of the problems with the abovementioned walkway and subsequently failed to adequately repair the walkway.

d) Defendant owed a legal duty of care to Plaintiff concerning the maintenance, repair, or warning of the walkway. DILLARD'S and DOES 1 to 50 breached their duty of care in that the walkway's condition contributed to Plaintiff's injuries and the Defendant knew, or should have known, of the foreseeable consequences of failing to adequately maintain the walkway.

4.2  As a direct and proximate result of these known problems and failure to maintain and repair, DILLARD'S and DOES 1 to 50 breached their legal duty of care owed to Plaintiff in failing to maintain its walkway. Said breach of duty and negligence was the direct and proximate cause of the serious injuries and damages the Plaintiff sustained.

4.3  At the time of the accident, which is the subject of this action, the defendants, and each of them, failed to supervise and/or maintain the premises clear and safe to customers. Neither the defendants nor their staff took care of the premises and failed to negate hazards. The defendants failed to warn of, inspect for, and correct the dangerous conditions. The defendants had a duty to maintain the premises in a safe condition, which duty was breached.

4.4 The defendants negligently, carelessly, and unlawfully maintained said premises that caused risk of injuries to the plaintiff. Furthermore, the defendant failed to ensure that customers, including the plaintiff, had notification of the unsafe and dangerous premises.

4.5 The defendants, in the exercise of reasonable care and diligence, should have known of the dangerous and unsafe condition existing on the premises.

4.6 The defendants negligently, carelessly, and recklessly inspected their premises or omitted to inspect the dangerous condition existing on the premises to warn the customers of the existing danger. In that, the defendants breached their duty of care owned to the customers.

4.7 The defendants had actual and constructive notice of the defective condition of said premises. However, the defendants failed to act on the notice and timely correct said premises to make it safe for the customer.

4.8 As a direct and proximate result of the defendants' negligence, the plaintiff suffered and continues to suffer pain and disability, all to the plaintiff's special and general damages according to proof.

## V. GENERAL DAMAGES

5.1 As a direct and proximate result of the Defendants' negligence, Plaintiff suffered damages allowed by law for personal injuries in an amount in excess of $75,000.

5.2 As a further result of Defendants' negligence, Plaintiff RITA RAMIREZ has suffered serious and permanent personal injuries. Plaintiff RITA RAMIREZ suffered the following damages:

a) Medical expenses incurred in the past.
b) Medical expenses which in all probability will be incurred in the future.
c) Loss of past earning capacity.
d) Loss of earning capacity which in all probability will be sustained in the future.
e) Physical pain and mental anguish in the past.
f) Physical pain and mental anguish will in all probability be sustained in the future.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court issue citation to Defendants to answer, and upon a trial by jury of this matter, enter judgment against the above-named Defendants for compensatory damages in an amount in excess of $75,000, together with pre- and post- judgment interest, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,
**RITA RAMIREZ**
1186 Whitney Way
El Centro, CA 92243
Tel: (619) 495-0059
Pro Se Plaintiff